# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

JIM BAILEY,

                                         Case No. 25-cv-11379

         Plaintiff,                      Hon.

v

REDFORD UNION BOARD OF EDUCATION, jointly and severally;;
REDFORD UNION EDUCATION ASSOCIATION, jointly and severally;
REDFORD UNION ADMINISTRATORS ASSOCIATION, jointly and severally;
JASEN WITT, in his individual and official capacity;
EVELYN PRIDEMORE, in her individual and official capacity;
LATINA MILLER, in her individual and official capacity;
LAKEYA MARTIN, in her individual and official capacity;
LORNA DEAN, in her individual and official capacity;
JEFF OSOWSKI, in his individual and official capacity.
MICHAEL TAYLOR, in his individual and official capacity;
LISA HILDEBRANDT, in her individual and official capacity;
JOHN DOE(S) and/or JANE DOE(S), yet to be identified;
JACQUELINE FRANCIS, in her individual and official capacity;
WDIV-TV, jointly and severally;

         Defendants.

---

Eric D. Delaporte (P69673)
Gina E. Goldfaden (P86863)
DELAPORTE LYNCH, PLLC
Attorney for Plaintiffs
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
eric@delaportelynch.com
gina@delaportelynch.com

---

## COMPLAINT AND JURY DEMAND

         NOW COMES Plaintiff James Bailey, by and through his attorneys, Delaporte Lynch,

PLLC, and files his Complaint for Defamation (libel and slander), Violation of the First

Amendment (42 U.S.C. §1983), False Light, Civil Conspiracy, and Intentional Infliction of Emotional Distress.  Plaintiff seeks compensatory, exemplary, and punitive damages, attorney's fees, and costs for the violations of his rights as protected under Federal and State law.  In support of his Complaint, Plaintiff states as follows:

<u>VENUE AND JURISDICTION</u>

1.  During all relevant times, Plaintiff James Bailey (hereinafter, "Mr. Bailey"), was a resident and elected official of Redford, Wayne County, Michigan.

2.  Defendant Redford Union ("RU") Schools Board of Education (hereinafter, "the Board," or "Board of Education"), is a public school district Board of Education entirely situated in Redford, Michigan, within this Honorable Court's territorial jurisdiction.

3.  Defendant Redford Union Education Association (hereinafter, "RUEA"), is a public employee labor union representing Redford Union teachers.

4.  Defendant Redford Union Administrators' Association (hereinafter, "RUAA"), is a public employee labor union representing Redford Union administrators.

5.  During all relevant times, Jasen Witt (hereinafter, "Defendant Witt"), was the Superintendent of Redford Union Schools.

6.   During all relevant times, Defendant Evelyn Pridemore was the RU Board of Education President.

7.  During all relevant times, Latina Miller (hereinafter, "Defendant Miller"), was the RU Board of Education Vice-President.

8.  During all relevant times, LaKeya Martin (hereinafter, "Defendant Martin"), was a RU Board of Education member.

2

9. During all relevant times, Lorna Dean (hereinafter, "Defendant Dean"), was a RU Board of Education member.

10. During all relevant times, Jeff Osowski (hereinafter, "Defendant Osowski"), was a RU Board of Education member.

11. During all relevant times, Michael Taylor was an employee of Redford Union Public Schools, Wayne County, Michigan and Redford Union Administrator's Association President.

12. During all relevant times, Jacqueline Francis was a reporter for WDIV-TV.

13. During all relevant times, WDIV-TV was a local news reporting television station.

14. During all relevant times, the Jane Doe(s) and/or John Doe(s) Defendants (hereinafter, "Doe Defendants"), were community members and/or Redford Union affiliates, agents, and/or employees.

15. During all relevant times, Defendant Lisa Hildebrandt was an employee of Redford Union Public Schools, Wayne County, Michigan and Redford Union Education Association President.

16. This Honorable Court retains subject matter jurisdiction pursuant to 28 U.S.C. §1331 based on Plaintiff's federal claims arising under 42 U.S.C. §1983.

17. This Honorable Court retains supplemental jurisdiction over Plaintiff's state law claims arising under statutory and common law pursuant to 28 U.S.C. §1367(a).

18. Venue is proper pursuant to 28 U.S.C. §1391 because the acts detailed herein occurred within the boundaries of this Honorable Court's territorial jurisdiction.

19. Thus, legal jurisdiction and venue is proper in this Honorable Court.

FACTS

3

20. Plaintiff incorporates the previous paragraphs as if contained herein.

21. Plaintiff James Bailey, a nurse, was elected to the Redford Union Board of Education in November 2020, following many years of advocacy on the Redford Township's Parks Commission.

22. Mr. Bailey serves in various community capacities and is a frequent contributor, writer, and reporter for the Redford Connection Newspaper.  He is a Facebook Moderator for the Redford Community Calendar, has produced over one-hundred community interest videos posted on YouTube.com, and works with the nonprofit, the Greater Redford Community Foundation on community projects like "Schools Working Together.".

23. Mr. Bailey currently serves as a RU Board of Education Trustee.

24. Mr. Bailey is a staunch advocate for his constituents, exemplifying the principle that local government exists to serve its community.

25. Mr. Bailey adopts a proactive approach to local politics by actively identifying and resolving injustices, championing causes that directly benefit local, regional, and State residents, as well as the students in Redford Union School District and surrounding school communities.

26. Mr. Bailey is committed to confronting abuse of power, and ensuring the law serves the people and advances the public welfare.

27. Mr. Bailey has been vocal about unlawful and unethical Board practices, highlighting potential violations of law, policy, and procedure when such matters come to light.

28. Plaintiff holds the Board to a higher standard, expects greater accomplishments, and emphasizes the fulfillment of its responsibilities to society.

29. Despite his contributions to the Redford community, Defendant RU Board of Education, including all individual Board Members (Pridemore, Miller, Martin, Dean, and Pridemore, Miller, Martin, Dean, Osowski, Osowski,), Defendant RUAA, Defendant RUEA, Defendant Taylor, Defendant Hildebrandt, and Defendant Witt conspired to retaliate against Mr. Bailey, by recruiting known and unknown RU community members (i.e., Doe Defendants), to undermine Mr. Bailey's reputation, to diminish his effectiveness in as an elected official, and to permanently politically discredit Mr. Bailey and oust him as a Redford Union School Board member.

30. The above-Defendants coordinated, intentional, and retaliatory actions have culminated in the Board knowingly making damaging fabricated, untrue, and confabulated public statements to tarnish Mr. Bailey's professional and personal reputation in the community.

31. In January 2024, after a presentation on the Sex Education Advisory Board, Mr. Bailey pointed out that a Committee was mandatory for a District teaching sex education, and that the District was currently in violation of State law by not mandating the Committee.

32. Matters came to a head during the February 2024 Board of Education meeting, where Mr. Bailey courageously spoke out the District's various violations of law, including failing to follow State-mandated Sex Education Advisory Board laws.

33. Mr. Bailey made a case for including the public to better the educational process, emphasizing the importance of educating children on appropriate and inappropriate conduct during medical examinations to prevent sexual abuse.

34. However, RU Administration was determined to keep the public from participating in important school and education decisions, including the Sex Advisory Committee.

35. Following Mr. Bailey's advocacy, and it being apparent Mr. Bailey was not afraid to challenge unlawful Board action, and Defendants, including, but not limited to, Defendants Witt, Pridemore, Hildebrandt, and Defendants Known and Unknown community members coordinated, and intentional retaliatory attack intended to tarnish Mr. Bailey's professional and personal reputation.

36. During the May 13, 2024, Board Meeting, Defendant RU Board of Education, including all individual Defendant Board Members (Pridemore, Miller, Martin, Dean, and Osowski), Defendant RUAA, Defendant RUEA, Defendant Taylor, Defendant Hildebrandt, and Defendant Witt determined to destroy Mr. Bailey's standing and credibility in the community.

37. Defendant Pridemore, leading the charge, defamed Plaintiff by denouncing the alleged "archaic sexist opinions of Trustee Bailey," claiming that Mr. Bailey allegedly told a District employee that enrollment was down because "women like her were not staying at home and having babies;" that Mr. Bailey allegedly disparaged women by saying "only one person came out against Larry Nassar" and that "400" came forward for the money; and that Bailey allegedly once stated it is a "woman's patriotic duty to pop out babies."

38. Defendant Taylor furthered Pridemore's attack when addressing Bailey and the Board, claiming Plaintiff took "videos of our children at dismissal" and allegedly refused to turn such videos over.

39. Mr. Taylor proclaimed Bailey an alleged "threat to safety of our children," that "God knows what's happened to those videos," implying Bailey hid unedited footage for personal use.

40. On or about May 16, 2024, Defendants Pridemore, Hildebrandt, and Taylor made further libelous statements to WDIV/Local 4 to damage, oust, and destroy Bailey.

41. On or about May 16, 2024, Defendant Francis and Defendant WDIV/Local 4 published and repeated Defendants Pridemore, Hildebrandt, and Taylor made further libelous and slanderous statements in an online article.

42. Pridemore claimed that "[Bailey] has repeatedly made disparaging remarks against women, against ethnicities, against the Larry Nassar victims, against our students."

43. Hildebrandt claimed Bailey made "misogynist, culturally insensitive, ignorant" statements in prior meetings.

44. Taylor, furthering his allegations of pedophilia, claimed Mr. Bailey had "[w]alk[ed] into a Girl Scouts meeting last month and videotap[ed] without introducing himself or asking for permission," and that "[w]hen asked for those videos, [Bailey] refused to turn them over, which is just as disturbing."

45. Defendants' statements amounted to accusations of obscenity, pedophilia, racism, and sexism, causing members of the public to believe Mr. Bailey was a "child predator" and rape-denier.

46. While Mr. Bailey, a prior-Member of the Redford Parks Commission, recorded the conditions of Redford public parks in years prior, such postings included imagery of the parks and playscapes (without any people in sight), as part of a service to the community, as a potential historical record of the parks, and to document conditions of the park, including playscape structures, greenspace, and accessibility measures.

47. Defendant RU Board of Education, Defendant RU Board of Education, including all individual Defendant Board Members (Pridemore, Miller, Martin, Dean, and Osowski),

7

Defendant RUAA, Defendant RUEA, Defendant Taylor, Defendant Hildebrandt, and Defendant Witt orchestrated and/or conspired together and with Doe Defendants to public to overtly attack Mr. Bailey's reputation and good character, repeating Defendants libelous and slanderous statements regarding Mr. Bailey.

48. The Redford Union Board of Education then moved to censure and call for Mr. Bailey's immediate resignation.

49. Defendant RU Board of Education, including all individual Defendant Board Members (Pridemore, Miller, Martin, Dean, and Osowski), Defendant RUAA, Defendant RUEA, Defendant Taylor, Defendant Hildebrandt, and Defendant Witt retaliated against Plaintiff for his First Amendment activities, activism, outspoken disagreements with Board members and the public (for the ultimate benefit of students in the District), and his steadfast commitment to the Redford community.

50. Defendants' egregious behavior under the color of law (and beyond the scope of mere political gamesmanship), can no longer be tolerated.

51. As a result of Defendants actions, Mr. Bailey's has severely curtailed his speech and refrained from being vocal on continued violations of Board policies, law, and procedures.

52. Defendants' malicious actions have not only damaged Mr. Bailey's reputation but have also hindered his ability to fulfill his responsibilities as a Board member, local politician, and active community member.

<u>COUNT I</u>
*Defamation*
*against all Defendants*

53. Plaintiff incorporates the previous paragraphs as if contained herein.

8

54. The elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication. *Mitan v Campbell*, 474 Mich 21, 24 (2005).

55. "A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Sarkar v Doe*, 318 Mich App 156, 178 (2016).

56. With respect to a public figure, the defamatory statement must also have been made with "actual malice." *Edwards v Detroit News, Inc*, 322 Mich App 1, 12 (2017).

57. A statement is made with "actual malice" when the publisher knows that the statement was false or made the statement with reckless disregard of whether it was false or not. *Milkovich v Lorain Journal Co,* 497 US 1, 14 (1990).

58. Defendants made false, libelous, and slanderous statements concerning Bailey in Board meetings and to local news outlets in May 2024.

59. Defendants' libelous claims concerning Mr. Bailey, meeting were not a fair, accurate, or true representation of Mr. Bailey's prior statements.

60. Defendants knew, or should have known, their statements were false, as Mr. Bailey did not make any of the alleged statements during any prior encounters with Defendants. Recorded footage of the Board meetings on YouTube, posted by the Board of Education, prove Mr. Bailey made no such comments.

61. Defendants' defamatory statements were unprivileged and made to the general public and/or journalists and/or reporters (i.e., third-parties).

62. Defendants' defamatory statements were intentional, made with actual malice and/or reckless disregard for the truth, and impugned criminal activity.

63. Defendants' defamatory statements were defamation per se, and thus, damages are presumed; nonetheless, Defendants statements caused Mr. Bailey to suffer profound damages, including, but not limited to, mental suffering, emotional distress, embarrassment, humiliation, and/or physical injuries, significantly harming Mr. Bailey's professional and personal life.

<u>COUNT II</u>
*Violation of the First Amendment (42 U.S.C. §1983)*
*alleged against all Defendants*

64. Plaintiff incorporates the previous paragraphs as if contained herein.

65. Under 42 U.S.C. §1983, a person acting on behalf of the State who causes a citizen of the United States to be deprived of any rights, privileges, or immunities secured by the Constitution shall be liable to that party at law.

66. The First Amendment guarantees citizens the right to freedom of speech, and requires that debate on public issues be "uninhibited, robust, and wide open." *Bond v. Floyd*, 385 U.S. 116, 118 (1966).

67. The First Amendment further prohibits government officials from subjecting individuals to "retaliatory actions" after the fact for having engaged in protected speech. *Hous. Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 474 (2022).

68. Plaintiff engaged in protected speech throughout the activities described in this Complaint, including, but not limited to, when making comments at Board meetings; speaking on behalf of his constituent; and/or advocating for policies to benefit the RU Community.

10

69. Plaintiff was censured and ousted by Defendants for his speech in public meetings as both a Board member and member of the public.

70. Plaintiff's speech was further suppressed by Defendants by restricting public speaking time during meetings and threatening disciplinary action.

71. Plaintiff's speech was lawful and not threatening to Defendants.

72. Defendants' actions were materially adverse to Plaintiff.

73. Defendants' materially adverse actions deterred Plaintiff from exercising his free speech.

74. Defendants also deprived Plaintiff of his right to free speech by retaliating against him for speaking up in public settings against Defendants' violations of laws, which intimidated Plaintiff into curtailing his advocacy on behalf of those within the District.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award him the legal and equitable relief set forth in the Relief Requested section of this Complaint as permitted by applicable law.

## COUNT III
### *Violation of the First Amendment*
### *alleged against all Defendants*

75. Plaintiff incorporates the previous paragraphs as if contained herein.

76. Under 42 U.S.C. § 1983, a person acting on behalf of the State who causes a citizen of the United States to be deprived of any rights, privileges, or immunities secured by the Constitution shall be liable to that party at law.

77. The First Amendment guarantees citizens the right to freedom of speech, and requires that debate on public issues be "uninhibited, robust, and wide open." *Bond v. Floyd*, 385 U.S. 116, 118 (1966).

11

78. The First Amendment further prohibits government officials from subjecting individuals to "retaliatory actions" after the fact for having engaged in protected speech. *Hous. Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 474 (2022).

79. To act "under color" of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents. *Moore v. Paducah*, 890 F.2d 831, 834 (6th Cir. 1989).  A private party may conspire with the government and be liable under §1983. *Id.*

80. "To establish an adverse action for First Amendment retaliation purposes, 'a plaintiff must show that the action 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" *Sensabaugh v. Halliburton*, 937 F.3d 621, 628 (6th Cir. 2019).

81. Plaintiff engaged in protected speech throughout the activities described in this Complaint, including, but not limited to, when making comments at Board meetings; speaking on behalf of his constituent; and/or advocating for policies to benefit the RU Community.

82. Plaintiff was censured and ousted by Defendants for his speech in public meetings as both a Board member and member of the public.

83. Plaintiff's speech was further suppressed by Defendants by restricting public speaking time during meetings and imposing disciplinary action.

84. Plaintiff's speech was lawful and not threatening to Defendants.

85. Defendants' actions were materially adverse to Plaintiff.

86. Defendants' materially adverse actions deterred Plaintiff from exercising his free speech.

87. Defendants also deprived Plaintiff of his right to free speech by retaliating against him for speaking up in public settings against Defendants' violations of laws, which intimidated Plaintiff into curtailing his advocacy on behalf of those within the District.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award him the legal and equitable relief set forth in the Relief Requested section of this Complaint as permitted by applicable law.

<u>COUNT III</u>
*Violation of the First Amendment*
*alleged against all Defendants*

88. Plaintiff incorporates the previous paragraphs as if contained herein.

89. The First Amendment guarantees citizens the right to freedom of speech, and requires that debate on public issues be "uninhibited, robust, and wide open." *Bond v. Floyd*, 385 U.S. 116, 118 (1966).

90. The Fourteenth Amendment the Due Process Clause fully incorporates rights contained in First Amendment. *McDonald v. City of Chi.*, 561 U.S. 742, 763 (2010).

91. "To establish an adverse action for First Amendment retaliation purposes, 'a plaintiff must show that the action 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" *Sensabaugh v. Halliburton*, 937 F.3d 621, 628 (6th Cir. 2019).

92. Plaintiff was exercising his right to free speech in all instances described in this Complaint, including, but not limited to, when making comments at Board meetings; speaking on behalf of his constituent; and/or advocating for policies to benefit the RU Community.

93. Plaintiff was censured and ousted by Defendants for his speech in public meetings as both a Board member and member of the public.

94. Plaintiff's speech was further suppressed by Defendants by restricting public speaking time during meetings and threatening disciplinary action.

95. Plaintiff's speech was lawful and not threatening to Defendants.

96. Defendants' actions were materially adverse to Plaintiff.

97. Defendants' materially adverse actions deterred Plaintiff from exercising his free speech.

98. Defendants also deprived Plaintiff of his right to free speech by retaliating against him for speaking up in public settings against Defendants' violations of laws, which intimidated Plaintiff into curtailing his advocacy on behalf of those within the District.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award him the legal and equitable relief set forth in the Relief Requested section of this Complaint as permitted by applicable law.

<u>COUNT IV</u>
*False Light*
*alleged against all Defendants*

99. Plaintiff incorporates the previous paragraphs as if contained herein.

100. Under Michigan law, a false light claim requires that "the defendant must have known of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Found. for Behavioral Res. v. W.E. Upjohn Unemployment Tr. Corp.*, 332 Mich. App. 406, 410 (2020).

101.     In order to establish a false-light claim, Plaintiff "must establish that when the defendant disseminated the information, it was done with actual knowledge or reckless disregard of the truth or falsity of the publicized matter." *Id*.

102.     Defendants knowingly or recklessly disseminated information that portrayed Plaintiff in a false light.

103.     Defendants' actions were done with the intent to harm Plaintiff's reputation and place him in a false light that was highly offensive to a reasonable person.

104.     Plaintiff suffered damages as a result of Defendants' actions, including but not limited to emotional distress and damage to her professional reputation.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award him the legal and equitable relief set forth in the Relief Requested section of this Complaint as permitted by applicable law.

<u>COUNT V</u>
*Intentional Infliction of Emotional Distress*
*against all Defendants*

105.     Plaintiff incorporates the previous paragraphs as if contained herein.

106.     All Defendants, or those acting on behalf of, or conspiring with, Defendants, and referred to herein, engaged in retaliatory, discriminatory, and intimidating conduct towards Plaintiff that caused Plaintiff physical and emotional harm.

107.     Defendants' conduct was intentional, impugned illegal and criminal activity, malicious, reckless, and demonstrated a complete disregard for Mr. Bailey's rights and well-being, causing Mr. Bailey to suffer profound emotional distress, humiliation, and/or physical injuries, causing a significant impact on Mr. Bailey's professional and personal

15

life and significantly curtailed his effectiveness to his responsibilities as an elective representative.

108.    As a direct and proximate result of Defendants' conduct, Mr. Bailey has suffered severe emotional distress, including anxiety, depression, and/or physical injuries, warranting compensatory and punitive damages.

109.    Defendants' conduct was extreme and outrageous.

110.    The conduct caused Mr. Bailey harm; and

111.    Defendants' conduct caused Mr. Bailey profound emotional distress and/or physical injuries.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award him the legal and equitable relief set forth in the Relief Requested section of this Complaint as permitted by applicable law.

COUNT VI
*Civil Conspiracy*
*Alleged against all Defendants*

112.    Plaintiff incorporates the previous paragraphs as if contained herein

113.    A a civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means. *Swain v. Morse*, 332 Mich. App. 510, 530 (2020).

114.    A plaintiff alleging a civil conspiracy is not required to provide direct proof of an agreement or a formal agreement between or among the conspirators.  *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985).

115.    It is sufficient if the circumstances, acts, and conduct of the conspirators establish an agreement in fact. *Id.*   Furthermore, a civil conspiracy may be established by circumstantial evidence and may be based on inference.  *Moore v. Paducah*, 890 F.2d 831, 834 (6th Cir. 1989).

116.    All of the actions taken by all Defendants, or those acting on behalf of, or conspiring with, Defendants, and referred to herein, were done by Defendants while acting under color of state law.

117.    Private and/or non-governmental Defendants (including, but not limited to, WDIV-TV, Defendant Francis), who conspired with Governmental Defendants to violate Mr. Bailey's Constitutional Rights are State Actors for purposes of 42 U.S.C. § 1983. *Rudd v. City of Norton Shores*, 977 F.3d 503, 512 (2023).

118.    Defendants concerted actions include, but are not limited to, Defendants Witt, Pridemore, Taylor, Hildebrandt, RU Board Members, and/or members of the public acting in concert to overtly attack Mr. Bailey's reputation and good character; Defendants acting in concert to repeat and perpetuate libelous and slanderous statements about Mr. Bailey; Defendants acting in concert to retaliate against Mr. Bailey and recruit known and unknown people in the community, to undermine his reputation, to diminish his effectiveness in the community and the attempts to improve education in the community, and to permanently politically discredit in the eyes of the community and oust him as a Redford Union School Board member

119.    Defendants' wrongful acts were carried out in concert in order to deprive Mr. Bailey of his Constitutional rights.

17

120.  Defendants' acts were conspiratorial, intentional, malicious, willful, wanton, and in reckless disregard of Plaintiff's Constitutional rights, in violation of federal and state law.

121.  Defendants' acts were the cause of Plaintiffs' injuries and damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award him the legal and equitable relief set forth in the Relief Requested section of this Complaint as permitted by applicable law.

<u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a.  Find Defendants liable for Defamation (both Libel and Slander).

b.  Find Defendants violated Plaintiff's First Amendment Rights.

c.  Find Defendants unlawfully committed the tort of False Light.

d.  Find Defendants liable for Intentional Infliction of Emotional Distress and Physical Damages.

e.  Award Mr. Bailey statutory damages, if any.

f.  Award Mr. Bailey compensatory damages, including, but not limited to injury to reputation; mental suffering; embarrassment; humiliation; economic loss to a business; emotional distress; physical injuries; and loss of income resulting from Defendants' actions; and any other compensatory damages Mr. Bailey suffered.

g.  Award exemplary damages against Defendants to deter such unlawful practices in the future.

h.  Award punitive damages against Defendants.

i.   Award Mr. Bailey his reasonable costs and attorney fees incurred in bringing this action.

j.   Provide Mr. Bailey any other relief that this Honorable Court deems fit.

                                Respectfully submitted,

Dated: May 12, 2025
                                _____
                                Eric D. Delaporte (P69673)
                                Gina E. Goldfaden (P86863)
                                DELAPORTE LYNCH, PLLC 210
                                State St., Suite B
                                Mason, MI 48854
                                (517) 999-2626
                                Eric@DelaporteLynch.com
                                Gina@DelaporteLynch.com

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

JIM BAILEY,

      Plaintiff,

v

Case No.  25-cv-11379

Hon.

REDFORD UNION BOARD OF EDUCATION, jointly and severally;;
REDFORD UNION EDUCATION ASSOCIATION, jointly and severally;
REDFORD UNION ADMINISTRATORS ASSOCIATION, jointly and severally;
JASEN WITT, in his individual and official capacity;
EVELYN PRIDEMORE, in her individual and official capacity;
LATINA MILLER, in her individual and official capacity;
LAKEYA MARTIN, in her individual and official capacity;
LORNA DEAN, in her individual and official capacity;
JEFF OSOWSKI, in his individual and official capacity.
MICHAEL TAYLOR, in his individual and official capacity;
LISA HILDEBRANDT, in her individual and official capacity;
JOHN DOE(S) and/or JANE DOE(S), yet to be identified;
JACQUELINE FRANCIS, in her individual and official capacity;
WDIV-TV, jointly and severally;

      Defendants.

---

Eric D. Delaporte (P69673)
Gina E. Goldfaden (P86863)
DELAPORTE LYNCH, PLLC
Attorney for Plaintiffs
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
eric@delaportelynch.com
gina@delaportelynch.com

---

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff formally demands a trial by jury.

20

Respectfully submitted,

Dated: May 12, 2025

Eric D. Delaporte (P69673)
Gina E. Goldfaden (P86863)
DELAPORTE LYNCH, PLLC 210
State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLynch.com
Gina@DelaporteLynch.com